FILED
SUPERIOR COURT
OF GUAM

2014 SEP -5 AM 9: 05

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

GLENN R. ALIANZA,

              Plaintiff,

    v.

BERTA J.T. ALIANZA,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case no. DM 0612-13

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Plaintiff's Motion for *Pendente Lite* Custody Order was taken under advisement on August 4, 2014. Plaintiff was represented by attorney Daniel S. Somerfleck. The Defendant was represented by attorney Terrence M. Brooks. Having considered the arguments, evidences and file herein, the Court hereby enters an order granting in part Plaintiff's request, awarding him the joint physical and legal custody of the minor child.

### BACKGROUND

The instant matter arises out of a November 7, 2013, Complaint for Divorce. The complaint asserts that the parties were married on December 2, 2006 and have two children ages 18 and 15.

On June 17, 2014, Plaintiff filed a motion requesting that the court *pendente lite*, award him the primary physical and joint legal custody of the Parties' minor child. Mot. at 1-2. In

support of this request he asserts that: the mother is a habitual drinker and the children have expressed concern about the mother's behavior while intoxicate; despite the Children's request for extra visitation time with the Father, the Mother has refused additional visitation time; and the Mother is acting contrary to the best interest of the children. *Id.* at 2. Plaintiff's motion is supported by a declaration verifying the above assertions. Decl. of Pl. at 1-2.

Defendant filed her opposition to Plaintiff's request on July 15, 2014. Opp. at 1. In it she denies any incidents of intoxication and asserts that Plaintiff habitually trespasses into her home violating her privacy. *Id.* at 2. She asserts that she has been the primary care giver for the children and requests that she be awarded sole physical and joint legal custody. *Id.* Defendant's opposition is likewise supported by a verified declaration. Decl. at 1-2.

Plaintiff did not file a paper in reply.

## DISCUSSION

Section 8404 of Title 19 of the Guam Code governs and establishes the appropriate standard to be considered in custody determinations in the Territory of Guam. 19 GCA § 8404 (2013). The statute gives the Court broad discretion in its determination of custody arrangements for a minor child. *Id.* It provides that "[i]n actions where there is at issue a dispute as to the custody of a minor child, the court may, during the minority of that child, make such order for the custody of such child as may seem necessary and proper." *Id.*

When determining the custody of a minor child, the court must take into account:

> (h) legislative policy that the children spend as much time with each of their parents as possible, when the parents are not living together. Therefore, in determining visitation of minor children on Guam with non-custodial parents living on Guam, the court shall, to the greatest degree possible, order visitation for minor children (*pendente lite* and permanently) with non-custodial parents such that the children spend more or less equal amounts of time with the custodial parent and the non-custodial parent during non-working, non-sleeping, non-school time.

19 GCA § 8404(h). Interpreting this statute the Guam Supreme Court explained that, "While substantial time, and not equal time, is all that is required under a joint physical custody . . .

under Guam law, equal time is preferred and should be granted to the greatest extent possible." *Howerton v. Howerton*, 2004 Guam 8 at ¶ 19. This legislative preference for equal time, however, is always secondary to the best interest of the child. *Flores*, 1998 Guam 30 at ¶ 12. The best interest of the child is the primary and determinative factor in any custody arrangement. *Lanser v. Lanser*, 2003 Guam 14 ¶ 16.

The preference given for an equal time arrangement is subject to the following considerations enunciated by the Court in *Howerton*: (1) the proposed visitation is not injurious to the welfare of the child; (2) the non-custodial parent is willing to accept such visitation; (3) the non-custodial parent is fit to have such visitation; (4) the visitation does not to interfere with the child's education; (5) unless it is not in the best interest of the child, the non-custodial parent or grandparents shall be given consideration in providing childcare when the visitation is put into effect; (6) the employment of each parent and the time the child spends in education and extracurricular activities in considering the arrangement; and (7) any other factors that might affect the welfare of the child. *Howerton*, 1998 Guam 30 at ¶ 24.

The ability to cooperate is essential for all joint custody arrangements. However, this does not necessarily require the absence of hostility or tension between the parties. *Id.* In *Flores*, the Supreme Court of Guam held that hostility between parents does not make a joint legal custody arrangement inappropriate. If there is a potential to cooperate, then a joint custody arrangement can be made by instructing the parents of what is expected and of the ground rules of conduct. *Id.*

In consideration of the above standard and having reviewed the motions and papers of the parties, the court is not persuaded that sufficient facts or their adequate analysis under the above factors have been asserted and argued to support a finding of primary physical custody to either party. Furthermore the Court likewise finds that it would be in the best interest of the minor children to require that each parent retain the responsibility of joint legal and physical custody. The Court is not persuaded that either Party is not capable and able to provide for the physical, emotional and educational needs of the minor child and admonishes them to so act

during these proceedings.

## CONCLUSION

Based upon the foregoing, the Court grants in part Plaintiff's motion and Defendant's request for primary physical custody. They are each *pendente lite* awarded the joint physical and legal custody of the minor child. Absent stipulation by the Parties, filed as a proposed order within the next 30 days, the Parties shall alternate the physical custody of the minor children each week with the holidays of Christmas, Easter, Independence Day, and Thanksgiving holidays being equally divided in alternating years, each party being ordered to respect the property rights of the other and refrain from making disparaging remarks about the other in the presence of the minor child.

SO ORDERED, this ____5____ day of _____September_____, 2014.


HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

T. Brooks
D. Sommerfleck

Date: 9/5/14   Time: 9AM

Deputy Clerk, Superior Court of Guam